# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD D. JENNINGS,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL M. SHULTZ, et. al.,<br><br>    Respondents. | CV F   05-0549 OWW DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1]<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK COMPLAINT FORM |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner filed the instant petition on April 25, 2005, and paid the filing fee on June 7, 2005. Petitioner raises the following grounds for relief: 1) illegal detention in SHU without due process of law; 2) interference with mail; 3) inadequate medical treatment; and 4) the administrative remedy process is inadequate.

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each Petition for Writ of Habeas Corpus. The Court must dismiss a Petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; see, also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

    Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal

prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action.  In the federal context, <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), provides Petitioners with a remedy for violation of civil rights by federal actors.  <u>C.f.</u>, <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In this case, Petitioner's assertions that his federal constitutional rights are being violated concerns the conditions of Petitioner's confinement and is more appropriately heard in a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Accordingly, the instant action should be dismissed and Petitioner directed to submit a Civil Rights complaint for federal prisoners challenging the conditions of their confinement.

<u>RECOMMENDATION</u>

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED and that Petitioner be instructed to submit a civil rights complaint for those prisoners seeking to challenge the conditions of their confinement.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the

Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

<u>ORDER</u>

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to send Petitioner a blank form for federal prisoners seeking to challenge the conditions of their confinement and the applicable Application to Proceed In Forma Pauperis.

IT IS SO ORDERED.

Dated:   **June 10, 2005**            /s/ **Dennis L. Beck**
3b142a                    UNITED STATES MAGISTRATE JUDGE